UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):

None Present     None Present

**Proceedings:**     (In Chambers) Second Order to Show Cause Re: Dismissal for Lack of Jurisdiction

      Based on the court's independent duty to police its own subject-matter jurisdiction, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."), the court issued an Order to Show Cause Re: Dismissal for Lack of Jurisdiction ("OSC"), on June 5, 2015.

      In that OSC, the court noted that plaintiff Havensight Capital, LLC ("Havensight") is an unincorporated association and, as such, the Complaint must allege the citizenship of each of Havensight's partners, members, or owners to properly assert subject-matter jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."); Carden v. Arkoma Assocs., 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990) (diversity jurisdiction depends on the citizenship of all members of an artificial entity); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n unincorporated association such as a partnership has the citizenships of all of its members.").

      Plaintiff's response to the OSC asserts two arguments to support its contention that the court has subject-matter jurisdiction over this action. (See Plaintiff's Show of Cause for Proper Subject Matter Jurisdiction Under Diversity Jurisdiction, 18 U.S.C. § 1332 ("Plf's Resp.")). First, Havensight states that it is a "limited liability corporation," and as such, the "personal citizenship" of its partners, members, or owners is not relevant to its citizenship. (Id. at 3). Second, Havensight states that even if the citizenship of its partners, members, or owners were relevant, diversity is satisfied because Havensight "has one owner and manager and that is Mr. Benjamin Woodhouse," who is "a citizen of [the] U.S. Virgin [I]slands." (Id. at 2).

      As to the first argument, Havensight attaches as an exhibit its U.S. Virgin Islands Certificate of Existence, which states that Havensight is a limited liability company – not a limited liability corporation. (Plf's Resp. at Exhibit). Because Havensight's own evidence demonstrates that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

is not a corporation or a "limited liability corporation," but rather, a limited liability company, it is a citizen of each of its partners, members, or owners. See Johnson, 437 F.3d at 899 ("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

As to the second argument, the court notes that in Havensight Capital, LLC v. Nike, Inc., CV 14-6517 FMO (ASx), Woodhouse and Havensight provided that they both had an address in Pismo Beach, California. A natural person is a citizen of the state in which he has his domicile, i.e., his "permanent home, where [he] resides with the intention to remain or to which [he] intends to return[.]" Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Determining a person's domicile "involves a number of factors (no single factor is controlling)," Lew v. Moss, 797 F.2d 747, 750 (9th Cir 1986), including (1) current residence, (2) voting registration and voting practices, (3) location of personal and real property, (4) location of brokerage and bank accounts, (5) location of spouse and family, (6) membership in unions and other organizations, (7) place of employment or business, (8) driver's license and automobile registration, and (9) payment of taxes. Id.

Under the circumstances, the court continues to question whether it has jurisdiction over the action. Accordingly, the court will require additional facts supporting Woodhouse's allegation that he and Havensight, see Johnson, 437 F.3d at 899, are citizens of the U.S. Virgin Islands.

Based on the foregoing, IT IS ORDERED THAT no later than **June 22, 2015**, plaintiff shall show cause in writing why this case should not be dismissed without prejudice due to lack of subject matter jurisdiction. Plaintiff's declaration, which shall be under penalty of perjury, shall provide sufficient information to enable the court to determine whether Woodhouse and Havensight are citizens of the U.S. Virgin Islands. At a minimum, the declaration shall address the factors set forth in the Lew decision referenced above. **Failure to submit a response by the deadline set forth above may be deemed as consent to the dismissal of the action without prejudice**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |