UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**    (In Chambers) Order Dismissing Action Without Prejudice

Having reviewed all the briefing filed in connection with the Order to Show Cause re: Dismissal for Lack of Jurisdiction, issued June 5, 2015, ("First OSC"), and the Second Order to Show Cause re: Dismissal for Lack of Jurisdiction, issued June 16, 2015, ("Second OSC") (collectively, the "OSCs"), the court concludes as follows:

## BACKGROUND

I.    THE COMPLAINT.

On May 19, 2015, Havensight Capital, LLC ("Havensight" or "plaintiff") filed its Complaint against Facebook, Inc. ("Facebook") and Does 1 to 10, alleging state law claims for: (1) intentional interference with prospective economic relations, (Complaint at 11-14)[1]; (2) unfair competition and trade practices pursuant to California Business & Professions Code §§ 17200, et seq., (id. at 14-18); (3) intentional interference with contractual relations, (id. at 18-20); (4) negligence, (id. at 20-22); and (5) vertical and horizontal price fixing. (Id. at 22-29). Havensight seeks $278 million in compensatory damages and $200 million in punitive damages. (Id. at 29-30).

Havensight alleges that "[t]he Federal Court of the Central District of California has jurisdiction under 28 U.S.C. Section 1332, because there is diversity of citizenship, and an amount in controversy, which is greater than $75,000." (Complaint at 1). Specifically, Havensight alleges that it is a U.S. Virgin Islands "limited liability company," "has a mailing address, at #5 Company Street, Christiansted, USVI 00820," and "is incorporated in the U.S. Virgin Islands." (Id. at 2). Havensight further alleges that Facebook "is a Delaware Corporation and headquartered, at 1601 Willow Rd., Menlo Park, CA." (Id.).

Facebook's agent for service of process in Sacramento, California was served with the

---

[1] Because the Complaint does not contain page or paragraph numbers, citations to the Complaint are to the ECF-generated page numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

Complaint on May 20, 2015. (Proof of Service, filed May 20, 2015). Facebook timely filed its motion to dismiss on June 10, 2015.[2]

---

[2] Despite the timeliness of Facebook's filing of its motion to dismiss, Havensight has filed – over a six-day period between June 11, 2015 and June 17, 2015 – ten applications, responses, requests, or statements seeking default judgment against Facebook. (See Ex Parte Application for Entry of Default Judgment by the Clerk, and Default Judgment by the Court and Request for Judicial Notice [Document No. 20], filed June 11, 2015 ("1st Default Appl."); Amended Ex Parte Application for Default Judgment, and Request for Judicial Notice [Document No. 23], filed June 11, 2015 ("2d Default Appl."); Plaintiff's Response and Support of its Ex Parte Application for Default [Document No. 26], filed June 12, 2015 ("3d Default Appl.") (attaching proposed order granting default judgment against Facebook); Second Ex Parte Application for Default Judgment, Request for Judicial Notice, and Request for In Camera Review of Plead Fraud in Defendant's Motion to Dismiss Document [Document No. 28], filed June 13, 2015 ("4th Default Appl."); Response in Support of Plaintiff's Second Ex Parte Application for Default Judgment and Request for In Camera Review [Document No. 31], filed June 15, 2015 ("5th Default Appl.") (attaching proposed order granting default judgment against Facebook); Plaintiff's Second Request for In Camera Review of Fraudulently Plead Corporate Citizenship by the Defendant [Document No. 33], filed June 16, 2015 ("6th Default Appl.") (attaching proposed order granting default judgment against Facebook); Second Show of Cause for Proper Personal Jurisdiction, and Third Request for Immediate Review of Defendant's Fraudulent Pleadings [Document No. 36], filed June 16, 2015 (attaching proposed order granting default judgment against Facebook); Amended Second Show of Cause for Proper Personal Jurisdiction, and Third Request for Immediate Review of Defendant's Fraudulent Pleadings [Document No. 37], filed June 16, 2015 (attaching proposed order granting default judgment against Facebook); Plaintiff's Third Ex Parte Application for Default Judgment Based on Defendant's Fraudulent Pleadings, 17 C.F.R. 240.10(b)5, Request for Judicial Notice, and Request for Immediate Review [Document No. 38], filed June 17, 2015 ("9th Default Appl."); Plaintiff'[s] Statement and Request for Clarification on Court's Orders. Plaintiff has a Fiduciary Obligation to its Client to Bring Defendant's Plead Fraud to the Court's Attention Immediately and Request for Judicial Notice [Document No. 40], filed June 17, 2015 ("10th Default Appl.") (attaching proposed order granting default judgment against Facebook).       In April 2015, Havensight was declared a vexatious litigant with respect to Nike in two actions for, among other things, repeatedly filing frivolous applications for default judgment over a short time span. See Havensight Capital LLC v. Nike, Inc., et al., CV 14-7153 R (FFMx) ("Nike 1") (Docket No. 118 at 4) (filing five frivolous default motions over a 12-day period); Havensight Capital LLC v. Nike, Inc., et al, CV 14-8985 R (FFMx) ("Nike 2") (Docket No. 148 at 5) (filing seven frivolous default motions over a 12-day period). Were the action not being dismissed for lack of jurisdiction, the court would have issued an order to show cause to Havensight as to why it should not be declared a vexatious litigant in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

II.  FIRST ORDER TO SHOW CAUSE.

In the First OSC, the court explained that "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." (First OSC at 1) (citing Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). The court observed that the Complaint alleged Havensight was a limited liability company, not a corporation. (Id.)  When an entity is an unincorporated association like a limited liability company, "[t]he citizenship of each of the entity's partners, members, or owners must . . . be alleged." (Id.) In light of the allegations in the Complaint and relevant case law, the court ordered Havensight to state why its claims should not be dismissed for lack of jurisdiction, and specifically ordered Havensight to, among other things, "identify the citizenship and residence of each of its partners, members, and owners." (Id.).

On June 5, 2015, Havensight filed Plaintiff's Show of Cause for Proper Subject Matter Jurisdiction [U]nder Diversity Jurisdiction, 28 U.S.[C.] Section 1332.  ("Plf's First Resp."). Havensight made two arguments to support its claim that the parties in the action were diverse. First, Havensight stated that it was a "limited liability corporation[,]" and as such, the "personal citizenship" of its partners, members, or owners was not relevant to its citizenship.  (Id. at 3). Havensight stated that it is incorporated in the U.S. Virgin Islands, its central office is located in the U.S. Virgin Islands, and it has an agent for service of process in the U.S. Virgin Islands.  (See id. at 2-3).  It also attached as an exhibit its certificate of existence, which stated that Havensight is a U.S. Virgin Islands limited liability company, not a "limited liability corporation." (See id. at [Un-numbered] Exh.).

Second, Havensight stated that even if the citizenship of its partners, members, or owners was relevant, diversity is satisfied because Havensight "has one owner and manager and that is Mr. Benjamin Woodhouse," ("Woodhouse") who is "a citizen of [the] U.S. Virgin [I]slands[.]" (Plf's First Resp. at 2).[3]

Additionally, Havensight stated that neither it nor Woodhouse are citizens of Delaware. (See Plf's First Resp. at 2-4). Were Havensight or Woodhouse citizens of Delaware, then diversity of citizenship would be destroyed as Facebook is incorporated in Delaware.  (See id. at 3). Havensight did not comment as to its or Woodhouse's connection to California, (see generally, id.), but did note that Facebook has its "central office" in California and "almost all of their employees are located in Menlo Park, California."  (Id. at 3).

---

[3] Woodhouse is and has served as Havensight's counsel in this and other matters before this court, including in Nike 1 and Nike 2.  Woodhouse has been sanctioned at least twice in this District.  (See Nike 1 (Docket No. 110) (sanctions in the amount of $1,000 pursuant to 28 U.S.C. § 1927); Nike 2 (Docket No. 123) (requiring Woodhouse to pay Nike's reasonable attorney's fees and costs in light of violations of Rule 11 of the Federal Rules of Civil Procedure)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

III.     SECOND ORDER TO SHOW CAUSE.

The Second OSC addressed the two arguments raised by Havensight in response to the First OSC.  As to the first argument, the court observed that Havensight attached as an exhibit its U.S. Virgin Islands certificate of existence, which demonstrated that Havensight is a limited liability company – not a "limited liability corporation."  (Second OSC at 1) (citing Plf's First Resp. at [Un-numbered] Exh.).  The court determined that "[b]ecause Havensight's own evidence demonstrates that it is not a corporation or a 'limited liability corporation,' but rather, a limited liability company, it is a citizen of each of its partners, members, or owners."  (Id. at 1-2) (citing Johnson, 437 F.3d at 899 ("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")).

As to the second argument, the court noted that in yet another action against Nike, Havensight Capital, LLC v. Nike, Inc., CV 14-6517 FMO (ASx) ("Nike 3"), Woodhouse and Havensight provided that they both had an address in Pismo Beach, California, thus raising the question as to whether Havensight is a citizen of California, rather than the U.S. Virgin Islands.  (See Second OSC at 2).  In light of the allegations in the Complaint and relevant case law, the court ordered Havensight to explain, under penalty of perjury, why the case should not be dismissed without prejudice due to lack of subject-matter jurisdiction.  (Id.).  The court ordered that, "[a]t a minimum, the declaration shall address the factors set forth" in Lew v. Moss, 797 F.2d 747, 750 (9th Cir 1986), for determining a person's domicile, including (1) current residence, (2) voting registration and voting practices, (3) location of personal and real property, (4) location of brokerage and bank accounts, (5) location of spouse and family, (6) membership in unions and other organizations, (7) place of employment or business, (8) driver's license and automobile registration, and (9) payment of taxes.  (Id.)

In response, Havensight filed a Second Show of Cause for Proper Personal Jurisdiction, and Third Request for Immediate Review of Defendant's Fraudulent Pleadings, ("Plf's Second Resp."), and an Amended Second Show of Cause for Proper Personal Jurisdiction, and Third Request for Immediate Review of Defendant's Fraudulent Pleadings.  ("Plf's Am. Second Resp.").

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG, 526 U.S. at 583, 119 S.Ct. at 1569, "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).  Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

The party asserting jurisdiction has the burden of establishing subject matter jurisdiction. See Kokkonen, 511 U.S. at 377, 114 S.Ct. at 1675. Federal subject matter jurisdiction may be established on the basis of diversity jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Citizenship is determined as of the time the lawsuit is filed. Lew, 797 F.2d at 750.

**DISCUSSION**

I.      FACEBOOK'S CITIZENSHIP.

Havensight has repeatedly sought default against Facebook because it "has plead[ed] fraud," as "[i]t claims to have a central operation of business, in California and not Delaware where public registration documents show it to be." (Plf's Am. Second Resp. at 1-2; see Plf's Second Resp. at 1-2; see also 10th Default Appl. at 3-4; 9th Default Appl. at 2-3; 6th Default Appl. at 1-2; 5th Default Appl. at 2; 4th Default Appl. at 3-4 (stating that Facebook should be "[d]efaulted immediately for this atrocious mockery of the Court")).

Havensight's claims of fraud are belied by its own allegations. Havensight alleges that Facebook "is a Delaware Corporation and headquartered, at 1601 Willow Rd., Menlo Park, CA[,]" (Complaint at 2), and that Facebook's "central office" is in California and "almost all of their employees are located in Menlo Park, California." (Plf's First Resp. at 3).

That Facebook is incorporated in Delaware, and thus, a citizen of Delaware, does not preclude Facebook's status as a citizen of California. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Courts have long acknowledged that corporations can have dual citizenship, that of the state of incorporation and that of its principal place of business. See, e.g., Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co., 465 F.2d 489, 491-92 (9th Cir. 1972) (noting dual citizenship of corporations). Here, Havensight's own Complaint alleges that Facebook is incorporated in Delaware and has a principal place of business, and thus citizenship, in California.[4]

II.     HAVENSIGHT'S CITIZENSHIP.

Havensight contends that the terms "company" and "corporation" are "interchangeable"

---

[4] Thus, there was no reasonable basis for plaintiff to continue to seek default on the ground of fraud regarding Facebook's citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

under the Virgin Islands corporations code, (see Plf's Am. Second Resp. at 4; Plf's Second Resp. at 4), and so a "limited liability company," for diversity purposes, should be treated the same as a "limited liability corporation" or "corporation." (See Plf's Am. Second Resp. at 4-5; Plf's Second Resp. at 4-5). In other words, because the U.S. Virgin Islands treats "limited liability corporations" no differently than "limited liability companies," Havensight argues that its citizenship should be determined on the basis of its state of incorporation and principal place of business and not on the basis of the citizenship of its members, owners, or partners. (See Plf's Am. Second Resp. at 4-5; Plf's Second Resp. at 4-5).

The U.S. Virgin Islands, however, does not treat corporations and limited liability companies interchangeably. They are governed by different chapters of the Virgin Islands's statutes. U.S. Virgin Islands corporations are governed by Title 13, Chapter 1 of the Virgin Islands Code, see 13 V.I.C. § 1, et seq., whereas limited liability companies are governed by Title 13, Chapter 15 of that code. See Uniform Limited Liability Company Act, 13 V.I.C. § 1101, et seq. For diversity purposes, the District Court of the Virgin Islands conducts the same analysis as does this district for determining the citizenship of corporations and limited liability companies. See, e.g., Herzog v. Estate Davis Bay Resorts, LLC, 2010 WL 4323076, *5 n. 6 (D.V.I. 2010) ("the citizenship of an LLC is determined by the citizenship of its members") (internal quotation marks omitted); Lewis v. John's Auto Ctr., Inc., 2011 WL 4566110, *6 (D.V.I. 2011) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1)) (internal quotation marks omitted). Under the circumstances, the court concludes that Havensight is a U.S. Virgin Islands limited liability company. (See Plf's First Resp. at [Un-numbered] Exh.); Johnson, 437 F.3d at 899 (A limited liability company "is a citizen of every state of which its owners/members are citizens.").

Woodhouse states that Havensight "has one owner and manager and that is Mr. Benjamin Woodhouse," who is "a citizen of [the] U.S. Virgin [I]slands[.]" (Plf's First Resp. at 2). Thus, Havensight's citizenship hinges on the citizenship of Woodhouse.

A natural person is a citizen of the state in which he has his domicile, i.e., his "permanent home, where [he] resides with the intention to remain or to which [he] intends to return[.]" Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); see also Lew, 797 F.2d at 749-50 (A person's domicile is the "location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.") (internal quotation marks and alteration omitted). Determining a person's domicile "involves a number of factors[,]" including: (1) current residence; (2) voting registration and voting practices; (3) location of personal and real property; (4) location of brokerage and bank accounts; (5) location of spouse and family; (6) membership in unions and other organizations; (7) place of employment or business; (8) driver's license and automobile registration; and (9) payment of taxes. See Lew, 797 F.2d at 750. No single factor is determinative. See id. "[D]omicile is evaluated in terms of objective facts, and . . . statements of intent are entitled to little weight when in conflict with facts." Id. (internal quotation marks omitted); Wright & Miller, 13E Federal Practice & Procedure § 3612, at 549 ("A party's own declarations concerning the identity of his domicile, particularly with regard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism.").

    A.    Current Residence.

    Woodhouse states that he "has been domiciled in California in the past," (4th Default Appl. at 7), but "has not paid rent in California, since attending law school in 2008[.]" (Plf's Am. Second Resp. at 6; see Plf's Second Resp. at 6; 4th Default Appl. at 5).

    Woodhouse also states that he "resides at the Chenay Bay Resort," a hotel and timeshare in Christiansted, U.S. Virgin Islands, (Plf's Am. Second Resp. at 5; Plf's Second Resp. at 5; see www.chenaybay.com (identifying resort as hotel and timeshare in Christiansted, St. Croix) (last visited on June 27, 2015)), but that statement conflicts with another statement that he "intends to return [to the U.S. Virgin Islands], at the conclusion of this litigation." (Plf's Am. Second Resp. at 5; Plf's Second Resp. at 5).

    B.    Voting Registration and Voting Practices.

    Woodhouse states that he "is not registered to vote . . . in any other jurisdiction, within the last 12 months." (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6). Woodhouse does not address whether he is currently or has ever been registered to vote in the U.S. Virgin Islands, or whether he was a registered California voter more than 12 months ago. (See, generally, Plf's First Resp.; Plf's Second Resp.; Plf's Am. Second Resp.).

    C.    Location of Personal and Real Property.

    Woodhouse states that he "has never owned property in the state" of California. (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6; see 4th Default Appl. at 5). As for the U.S. Virgin Islands, Woodhouse claims that he has "placed two offers on condo properties, on St. Croix, in the past six months[.]" (Plf's Am. Second Resp. at 5; Plf's Am. Second at 5; see 4th Default Appl. at 5).

    D.    Location of Brokerage and Bank Accounts.

    Woodhouse has provided no information as to whether he has brokerage or bank accounts in the U.S. Virgin Islands or California. (See, generally, Plf's First Resp.; Plf's Second Resp.; Plf's Am. Second Resp.).

    E.    Location of Spouse and Family.

    Woodhouse states that his parents live in California. (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

    F.    <u>Membership</u> in <u>Unions</u> and <u>Other</u> <u>Organizations</u>.

    Woodhouse has provided no information as to his membership in unions or other organizations in the U.S. Virgin Islands. (<u>See</u>, <u>generally</u>, Plf's First Resp.; Plf's Second Resp.; Plf's Am. Second Resp.).

    Woodhouse is a member of the California Bar, which provides that he has an address in Pismo Beach, California and graduated from law school in California. (State Bar of California, <u>Attorney</u> <u>Search</u> (last visited on June 27, 2015) ("Woodhouse Attorney Search"); <u>see</u> <u>also</u> Cal. Bus. & Profs. Code § 6002.1 ("a member of the State Bar shall maintain . . . on the official membership records of the State Bar" "[t]he member's current office address and telephone number or, if no office is maintained, the address to be used for State Bar purposes or purposes of the agency charged with attorney discipline" and "shall notify the membership records office of the State Bar of any change in the information . . . within 30 days of any change"); CRC 9.7 ("each member [of the California State Bar] must use an online membership account on a secure system provided by the State Bar to report a current . . . [o]ffice address and telephone number, or if none, another address[.]").[5]

    G.    <u>Place</u> of <u>Employment</u> or <u>Business</u>.

    Woodhouse cites to multiple employment and business ties to the U.S. Virgin Islands. He claims that he "pays rent for an office on the island," (Plf's Am. Second Resp. at 5; Plf's Second Resp. at 5; <u>see</u> 4th Default Appl. at 5), "has made a job offer in the past, based on the island to a fellow colleague," (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6), and "has contractual relations, with the government of the USVI." (4th Default Appl. at 5).

    Although Woodhouse does not identify the governmental contracts, he notes two non-governmental negotiations. The first is "a meeting with the Provost of the University of the Virgin Islands, Ms. Camille Mckayale, in St. Croix" to "discuss teaching a class, at the University on the island, in the winter term of 2016." (4th Default Appl. at 6; <u>see</u> <u>also</u> Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6 (Woodhouse is "tentatively scheduled to teach a business class at the University of the Virgin Islands at the St. Croix campus, in the winter")). As to the second, Woodhouse states that he "has informed the [w]orld tennis governing body that he will be potentially representing, the USVI in [i]nternational professional competition[.]" (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6; <u>see</u> 4th Default Appl. at 6).

---

    [5] Woodhouse also vaguely references a "real estate license with no address." (4th Default Appl. at 4; <u>see</u> <u>id.</u> at 7). An internet search of the State of California Bureau of Real Estate reports that Woodhouse has a California real estate broker's license, #01914365, that expires in July 2016. (<u>See</u> State of California Bureau of Real Estate, http://www2.dre.ca.gov/PublicASP (last visited on June 27, 2015)). Woodhouse's address on the California Bureau of Real Estate website is in Pismo Beach, California. (<u>See</u> <u>id.</u>).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

While Woodhouse states that he is renting office space in the U.S. Virgin Islands and is in the process of becoming a business lecturer or professor or professional tennis player in the U.S. Virgin Islands, he does not provide any information as to what employment or business he was undertaking in the U.S. Virgin Islands at the time of the filing of the Complaint.  (See, generally, Plf's First Resp.; Plf's Second Resp.; Plf's Am. Second Resp.).  Woodhouse, however, "intends to return [to the U.S. Virgin Islands from California], at the conclusion of this litigation."  (Plf's Am. Second Resp. at 5; Plf's Second Resp. at 5; see 4th Default Appl. at 5).

      H.      Driver's License and Automobile Registration.

Woodhouse admits that he "does have a car registered in California[.]"  (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6).  He does not state whether he has a California or U.S. Virgin Islands driver's license.  (See, generally, Plf's First Resp.; Plf's Am. Second Resp.; Plf's Second Resp.).

      I.      Payment of Taxes.

Woodhouse states that he "has not paid any taxes, in any other jurisdiction, within the last 12 months."  (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6).  However, Woodhouse does not address whether he is currently paying taxes in the U.S. Virgin Islands, whether he ever paid taxes in the U.S. Virgin Islands, or whether he paid taxes in California more than 12 months ago.  (See, generally, Plf's First Resp.; Plf's Am. Second Resp.; Plf's Second Resp.).

      J.      Discussion of Lew Factors.

Woodhouse has presented evidence that he "resides at the Chenay Bay Resort" in Christiansted, U.S. Virgin Islands, (Plf's Am. Second Resp. at 5; Plf's Second Resp. at 5), "pays rent for an office on the island," (Plf's Am. Second Resp. at 5; Plf's Second Resp. at 5; see 4th Default Appl. at 5), "has made a job offer in the past, based on the island to a fellow colleague," (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6), and "has contractual relations, with the government of the USVI."  (4th Default Appl. at 5).  Woodhouse also states that he is negotiating to become a business lecturer or professor at the University of the Virgin Islands, (4th Default Appl. at 6; see also Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6), or a professional tennis player representing the U.S. Virgin Islands.  (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6; see 4th Default Appl. at 6).

Woodhouse's evidence, coupled with his statement that he intends to return to the U.S. Virgin Islands at the conclusion of the litigation, (Plf's Am. Second Resp. at 5; Plf's Second Resp. at 5), and to acquire a residence there, (Plf's Am. Second Resp. at 5; Plf's Am. Second at 5; see 4th Default Appl. at 5), are insufficient to establish that he is domiciled in the U.S. Virgin Islands.  See Lew, 797 F.2d at 750 ("[D]omicile is evaluated in terms of objective facts, and . . . statements of intent are entitled to little weight when in conflict with facts.") (internal quotation marks omitted); Wright & Miller, 13E Federal Practice & Procedure § 3612, at 549 ("A party's own declarations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3758 FMO (MRWx) | Date | June 29, 2015 |
|---|---|---|---|
| Title | Havensight Capital, LLC v. Facebook, Inc., et al. | | |

concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism."). Woodhouse's statements evince lack of ties with the U.S. Virgin Islands other than a hope to live and work there in the future. There is no evidence that, at the time the Complaint was filed, Woodhouse was registered to vote, paid taxes, or even held a driver's license in the U.S. Virgin Islands. (See, generally, Plf's First Resp.; Plf's Second Resp.; Plf's Am. Second Resp.). Nor is there evidence that, at the time the instant action was commenced, Woodhouse owned personal or real property in the U.S. Virgin Islands, including brokerage or banking accounts, (see, generally, Plf's First Resp.; Plf's Second Resp.; Plf's Am. Second Resp.), or that he was a member of any unions or other organizations in the U.S. Virgin Islands. (See, generally, Plf's First Resp.; Plf's Second Resp.; Plf's Am. Second Resp.).

In contrast, Woodhouse's ties to California are far more significant. Woodhouse has been domiciled in California in the past and intends to stay in California until the conclusion of the litigation. (See 4th Default Appl. at 7; Plf's Am. Second Resp. at 5; Plf's Second Resp. at 5). Woodhouse went to law school in California, is a member of the California bar, and litigated numerous other actions in California. (See Plf's Am. Second Resp. 6; Plf's Second Resp. 6; 4th Default Appl. at 5; Woodhouse Attorney Search; see, e.g., Nike 1, Nike 2 & Nike 3). Woodhouse has also held and may still hold a California real estate broker's license that expires in July 2016. (See 4th Default Appl. at 4 & 7). Woodhouse has a car registered in California and has family in California, (see Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6; 4th Default Appl. at 5), which may provide insight as to why he does not currently pay rent in California. (Plf's Am. Second Resp. at 6; Plf's Second Resp. at 6) (Woodhouse "has not paid rent in California, since attending law school in 2008.").

In short, Woodhouse has not met his burden of establishing diversity jurisdiction. See Kokkonen, 511 U.S. at 377, 114 S.Ct. at 1675. The court, therefore, does not have subject matter jurisdiction over this case.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT the Complaint is **dismissed without prejudice**. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |